## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **SOPHIA S. PRESSLER-KEMPER** | * | **CASE NO.** |
| | * | |
| **Plaintiff,** | * | |
| | * | **JUDGE** |
| **v.** | * | |
| | * | |
| **CARSON P. GATES,** *et al.* | * | **NOTICE OF REMOVAL** |
| | * | |
| **Defendants.** | * | |
| | * | |

Defendant Applegate, Inc. hereby removes this action from the Court of Common Pleas, Erie County, Ohio to the United States District Court, Northern District of Ohio, Western Division. As grounds for removing this action, defendant states as follows:

1.      On June 15, 2021, plaintiff commenced this action for personal injury against defendants Carson P. Gates, Applegate, Inc., and the Ohio Bureau of Workers' Compensation in the Erie County Court of Common Pleas, Case No. 2021 CV 0230, captioned *Sophia S. Pressler-Kemper v. Carson P. Gates, et al.* The lawsuit arises out of a motor vehicle accident that occurred on June 27, 2019 in the township of Perkins, Erie County, Ohio in which plaintiff claims she was injured.  The Summons and Complaint and all filings in the state court action are attached as Exhibit A.

2.      Defendant Carson P. Gates was served with the summons and complaint on July 7, 2021 via certified mail, return receipt requested.  Defendant Applegate, Inc. was served with the summons and complaint on July 8, 2021 via certified mail, return receipt requested.

3.     Thirty days have not yet expired from the date on the court docket showing as the date of service on Defendant Applegate, Inc.

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Because this Court has original jurisdiction, Defendant may remove this action from the state court to this Court pursuant to 28 U.S.C. § 1441.

5.     This action is between citizens of different states. In the Complaint, plaintiff is identified as a resident of Ohio. Defendant Applegate, Inc. is a citizen of Michigan because it was incorporated under the laws of the state of Michigan, and has its principal place of business in Michigan.  Defendant Carson P. Gates is a resident of Ohio. Defendant Carson P. Gates, however, was named in error, or in the alternative, Defendant Carson P. Gates was named fraudulently to prevent diversity. Defendant Carson P. Gates is not listed on the Traffic Crash Report for the June 27, 2019 accident (attached as Exhibit B), which is not surprising because he was not involved in the subject accident. Instead, the other driver involved in the accident with plaintiff was Carson Daniels. (See Ex. B.) Defendant Carson P. Gates was not, nor ever has been, employed by Defendant Applegate, Inc.

6.     Defendant Ohio Bureau of Workers' Compensation ("BWC") is an Ohio governmental agency. Plaintiff's claim against BWC states that it has a subrogation interest in this case and that BWC "has made certain payments to Plaintiff for medical treatment and/or lost wages and is claiming a right of reimbursement/subrogation from Plaintiff." (Plaintiff's Complaint at ¶ 12). BWC has been fraudulently joined as a defendant and its presence in this case will not defeat removal.

2

7.      Ohio BWC filed a motion to realign the parties on July 7, 2021.  The Erie County Common Pleas issued a Magistrate's Order (Briefing Schedule) on July 8, 2021. The motion and Magistrate's Order are attached as Exhibit A.

8.      Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. *Coyne v. American Tobacco Co.* (6th Cir. 1999), 183 F.3d 488, 493. To prove fraudulent joinder, the removing party must only present sufficient evidence that a plaintiff could not have established a cause of action against a non-diverse defendant under state law. A case is properly removable when a complaint fails to state any cause of action against a defendant. *Id.*

9.      Plaintiff named BWC as a defendant, because it allegedly paid some or all of plaintiffs' medical bills and/or benefits for lost wages. Plaintiff does not have a viable cause of action against BWC under state law. BWC may have a right of subrogation under Ohio law, but there is no cause of action that exists for plaintiff to assert against BWC. Therefore, BWC is not a proper defendant, nor is it an indispensible party whose participation is required for the purpose of rendering a judgment on plaintiff's Complaint. If anything, BWC should be realigned as an intervening plaintiff pursuant to Fed.R.Civ.P. 24(a). As an intervening plaintiff, BWC would be able to protect its right of subrogation, if it has one, for any payments it may have made on plaintiff's behalf. In fact, BWC has already asked to been realigned as a plaintiff in the Erie County Common Pleas action, in order to assert its lien or right of subrogation for medical bills and/or benefits paid.

10.     The Complaint seeks an award of damages "in excess of twenty-five thousand dollars ($25,000)" in damages, plus costs, expenses and interest.  The Complaint also states that plaintiff has sustained permanent and severe injuries and damages including:

- Serious personal injuries,

- Pain and suffering,

- Medical and other expenses,

- Future medical expenses,

- Property damages,

- Loss of use of her vehicle,

- Loss of earnings and loss of earning capacity,

- Future lost wages and loss of earning capacity.

11.     On the basis of the foregoing, plaintiff's claim satisfies the jurisdictional amount for removal on the basis of diversity jurisdiction. Even if the claims of BWC do not meet the jurisdictional amount, the court can exercise supplemental jurisdiction over its claims as they arise out of the same accident and have a common nucleus of facts.

12.     Removal to this court is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district where the state court action was pending. The Court of Common Pleas for Erie County is located in the Northern District of Ohio, Western Division.

13.     Defendant reserves the right to supplement this Notice of Removal and/or to present additional arguments in support of its entitlement to removal.

14.     A Notice of Filing this Notice of Removal and a copy of this Notice of Removal will be filed with the Court of Common Pleas, Erie County, Ohio as required by 28 U.S.C.§ 1446(d).

15.     By virtue of this Notice of Removal, the Notice filed in the state court action and the notice to plaintiff, Defendant does not waive its right to assert any defense or motion permitted by the Federal Rules of Civil Procedure. Further, no admission of fact, law or liability is intended by this Notice of Removal and all defenses, affirmative defenses and motions are hereby reserved.

FOR THE FOREGOING REASONS, Defendant Applegate, Inc. serves notice that this action is hereby removed from the Court of Common Pleas, Erie County, Ohio to the United States District Court for the Northern District of Ohio, Western Division.

Respectfully submitted,

*/s/ Sarah V. Beaubien*
**ROBERT D. BOROFF (0091866)**
rboroff@gallaghersharp.com
**SARAH V. BEAUBIEN (0087735)**
sbeaubien@gallaghersharp.com
**GALLAGHER SHARP, LLP**
**420 Madison Avenue, Suite 1250**
**Toledo, OH 43604**
**Tel.: (419) 241-4860**
**Fax: (419) 241-4866**
*Attorneys for Defendant Applegate, Inc.*

5

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing *Notice of Removal* was served electronically and by ordinary

U.S. mail this 16th day of July, 2021 upon:

| | |
|---|---|
| Daniel A. Romaine, Esq. | David M. Douglass, Esq. |
| Nager, Romaine, Schneiberg Co., LPA | Sean F. Berney, Esq. |
| 27730 Euclid Avenue | Michael E. Reardon, Esq. |
| Cleveland, OH  44132 | Douglass & Associates Co., LPA |
| DRomaine@NRSinjurylaw.com | 4725 Grayton Road |
| | Cleveland, OH  44135 |
| *Attorney for Plaintiff* | mreardon@gouglasslaw.com |

*Attorneys for Defendant Ohio Bureau of Workers' Compensation*

*/s/ Sarah V. Beaubien*
**ROBERT D. BOROFF (0091866)**
**SARAH V. BEAUBIEN (0087735)**
**GALLAGHER SHARP, LLP**
***Attorneys for Defendant Applegate, Inc.***