FILED AND/OR JOURNALIZED
COMMON PLEAS COURT, ERIE COUNTY, OHIO

Jun 15 2021 03:27 PM
LUVADA S.WILSON
CLERK OF COURTS
2021 CV 0230
Binette, Roger E



**IN THE COURT OF COMMON PLEAS
ERIE COUNTY, OHIO**

| | |
|---|---|
| **SOPHIA S. PRESSLER-KEMPER**<br>**130 William Avenue**<br>**Bellevue, OH  44811** | **CASE NO.:** |
| | |
| **Plaintiff,** | **JUDGE** |
| | |
| **vs.** | **COMPLAINT** |
| | |
| **CARSON P. GATES**<br>**24 Clock Lane**<br>**Monroeville, OH  44847** | **(Jury Demand Requested)** |
| | |
| **and** | |
| | |
| **APPLEGATE, INC.**<br>**485 E. South Street**<br>**Jackson, MI  49203** | |
| | |
| **and** | |
| | |
| **OHIO BUREAU OF WORKERS'**<br>**COMPENSATION**<br>**30 West Spring Street**<br>**Columbus, OH  43215** | |
| | |
| **Defendants.** | |

*NAGER, ROMAINE & SCHNEIBERG CO., L.P.A.*
*27730 Euclid Avenue*
*Cleveland, Ohio 44132*
*(216) 289-4740*

**FIRST CLAIM FOR RELIEF**

1.     The incident hereinafter set forth occurred on or about June 27, 2019, at or near State Route 4, in the Perkins Township, County of Erie, State of Ohio.  At all relevant times, Plaintiff Sophia S. Pressler-Kemper (hereinafter "Plaintiff") was a resident of Huron County, Ohio. At all times relevant, Defendant Carson P. Gates (hereinafter "Defendant Gates") was a resident of Huron County, Ohio.   At all times relevant, Defendant Applegate, Inc. (hereinafter "Defendant Applegate") is/was a business for profit licensed to do business in the State of Ohio and engaged in business, including but not limited to,

trucking in Jackson County, Michigan. At all times relevant, Defendant Ohio Department of Workers' Compensation (hereinafter "Defendant BWC") is/was an entity of the State of Ohio.

2.      On or about June 27, 2019, Plaintiff was operating a motor vehicle traveling northbound on State Route 4 in Perkins Township, Ohio.  At the same time and place, Defendant Gates was the permissive user of a motor vehicle owned by Defendant Applegate and was operating a motor vehicle also traveling northbound on State Route 4 directly behind Plaintiff's vehicle.  Defendant Gates negligently and carelessly failed to keep an assured clear distance and struck the rear of Plaintiff's vehicle.

3.      Defendant Gates failed to keep an assured clear distance from Plaintiff's vehicle in violation of Ohio Revised Code §4511.21a, which conduct constitutes negligence per se. Said conduct and/or omissions directly and proximately resulted in the above-referenced collision.

4.      As a direct and proximate result of the Defendants' negligent conduct, Plaintiff sustained serious personal injuries causing pain and suffering, some or all of which are permanent in nature; has incurred medical and other expenses, and in all likelihood will continue to incur such medical expenses in the future; has suffered property damage and loss of use of her vehicle and has suffered a loss of earnings and earning capacity, and in all likelihood will continue to suffer such a loss in the future.

5.      On or about June 27, 2019, Defendant Gates was operating a motor vehicle owned by Defendant Applegate in the course and scope of his employment.  As such, Defendant, Applegate is liable for the actions of Defendant Gates under the doctrine of *respondent superior*.

## SECOND CLAIM FOR RELIEF

6.      Plaintiff re-alleges paragraphs 1 through 5 as if fully rewritten herein.

7.      Defendant Applegate owned and controlled the use of the motor vehicle operated by Defendant Gates in the above referenced accident.

8.      Defendant Applegate knew or should have known that Defendant Gates was an unsafe driver and negligently entrusted the use of its motor vehicle to Defendant Gates at or about the time of his accident involving Plaintiff.

9.      As a direct and proximate result of Defendant Applegate's negligent entrustment of its motor vehicle to Defendant Gates, Plaintiff was injured and sustained damages as set forth in this Complaint.

## THIRD CLAIM FOR RELIEF

10.     Plaintiff re-alleges paragraphs 1 through 9 as if fully rewritten herein.

11.     On or after June 27, 2019, Plaintiff presented a workers' compensation claim (claim # 19-160658) related to the injuries she sustained in the motor vehicle incident with Defendant Gates.

12.     Defendant BWC has made certain payments to Plaintiff for medical treatment and/or lost wages and is claiming a right of reimbursement/subrogation from Plaintiff which should be set forth herein or be forever barred.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount in excess of Twenty-Five Thousand ($25,000.00+) to compensate her for her injuries and damages, plus interests, costs, and any such further relief to which Plaintiff may be entitled. Further, Plaintiff demands that she be awarded interest on her judgment at the maximum rate and extent permissible by law together with their reasonable costs incurred

herein.  Finally, Plaintiff seeks a determination of the rights, if any, of Defendant Ohio

Bureau of Workers' Compensation to recover any funds by right of subrogation and/or

reimbursement pursuant to coverage in effect on June 27, 2019.

Respectfully submitted,

**DANIEL A. ROMAINE (0066672)**
NAGER, ROMAINE & SCHNEIBERG CO., L.P.A.
27730 Euclid Avenue
Cleveland, Ohio 44132
(216) 289-4740
(216) 289-4743 (fax)
DRomaine@NRSinjurylaw.com
*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by the maximum number of jurors allowed by law.

**DANIEL A. ROMAINE (0066672)**

## PRAECIPE

Now comes Plaintiff, by and through the undersigned counsel, and hereby respectfully requests that the Clerk of Courts serve Defendants, by **certified mail**, with a copy of this **Complaint** at the address listed in the caption of this pleading.

Respectfully submitted,

**DANIEL A. ROMAINE (0066672)**
NAGER, ROMAINE & SCHNEIBERG CO., L.P.A.
27730 Euclid Avenue
Cleveland, Ohio 44132
(216) 289-4740
(216) 289-4743 (fax)
DRomaine@NRSinjurylaw.com
*Attorney for Plaintiff*