UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sophia S. Pressler-Kemper,          Case No. 3:21-cv-1371

        Plaintiff,

v.          MEMORANDUM OPINION
         AND ORDER

Carson P. Gates, et al.,

        Defendants.

## I. INTRODUCTION

Plaintiff Sophia S. Pressler-Kemper has filed a motion for leave to file an Amended Complaint. (Doc. No. 11). Defendant Applegate, Inc., filed an opposition brief. (Doc. No. 13). No other Defendant in this case filed any opposition to the motion to amend.

During our November 5, 2021 telephone status conference, counsel for Pressler-Kemper stated his desire to conduct limited discovery before filing a reply to Applegate's opposition brief. I granted Pressler-Kemper leave to conduct that discovery and set a deadline of January 31, 2022. (Doc. No. 14). I ordered that Pressler-Kemper file any reply in support of her Motion to Amend the Complaint by March 4, 2022. (*Id.*). That deadline has since passed, and Pressler-Kemper has not filed a reply brief or moved for an extension to do so.

## II. BACKGROUND

On June 27, 2019, Pressler-Kemper was involved in a motor vehicle accident allegedly caused by Carson Hunter Daniels, who was driving a vehicle owned by his employer, Applegate, in the course of his employment. While the Traffic Crash Report created at the time accurately identified Applegate as the owner of the vehicle, it incorrectly named Defendant Carson Patrick

Gates as the driver of Applegate's vehicle. (Doc. No. 11 at 7-8). A "Supplement" Traffic Crash Report was created at some point, correcting the name of the driver to Carson Hunter Daniels. But it is unclear when that amendment occurred.

Nearly two years after the accident occurred, Pressler-Kemper filed this action in the Erie County, Ohio Court of Common Pleas, on June 15, 2021. Drafting her Complaint based on the information in the initial Traffic Crash Report, she named Gates as the driver of the vehicle that collided with hers on June 27, 2019.

After filing this Complaint, Pressler-Kemper learned of the existence of the Supplemental Traffic Crash Report and realized her error in naming the wrong "Carson" as the Defendant driver. Rather than moving to amend her Complaint at that time, she filed a new action on July 9, 2021. In the July Complaint, she asserted the same facts regarding the June 27, 2019 accident as she had in the June Complaint but named Daniels as the driver. Based on these facts, she asserted a claim of negligence against Daniels.

On July 16, 2021, Applegate's counsel removed this case to federal court. (Doc. No. 1). Also representing Carson P. Daniels in the second action filed in July, Applegate's counsel removed that case on August 13, 2021. (*Pressler-Kemper v. Daniels*, No. 3:21-cv-1580, Doc. No. 1). Now, Pressler-Kemper moves to amend the June Complaint to substitute Carson Hunter Daniels for Defendant Carson P. Gates as the Defendant driver.

### III. STANDARD

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. Pro. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "In the absence of any apparent or declared reason –

such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Further, while "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend should be denied as futile if the proposed amendment would not "withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

## IV. DISCUSSION

Pressler-Kemper seeks to substitute Carson Hunter Daniels as the "proper party" for her negligence claim originally asserted against improper party Defendant Carson P. Gates. (Doc. No. 11). As stated by Applegate, the statute of limitations for an Ohio law negligence claim such as this is generally two years. O.R.C. § 2305.10(A). Therefore, the statute of limitations for claims arising from the June 27, 2019 accident elapsed on June 27, 2021. Because of this, Applegate argues amending the Complaint to substitute Daniels for Gates would be futile because the negligence claim is time-barred as stated against Daniels.

Still, the amendment may be permitted under Rule 15(c) as an amendment relating back to the date of the original pleading under Rule 15(c).[1] Rule 15(c)(1) provides,

> **(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:

---

[1] Pressler-Kemper does not raise this argument, so it has not been briefed for my review. But in the interest of judicial economy, I will consider the issue *sua sponte*.

…

**(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

**(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

**(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

**(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1); *see also Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). Rule 4(m) states service shall be completed within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m).

Here, Daniels was served with the July 9, 2021 Complaint on July 21, 2021. (*Pressler-Kemper v. Daniels*, No. 3:21-cv-1580, Doc. No. 1-4). On August 20, 2021, Daniels filed a motion to consolidate the case against him with this case involving the improperly named driver – Defendant Gates. (*Pressler-Kemper v. Daniels*, No. 3:21-cv-1580, Doc. No. 4). In this motion, Daniels acknowledged, "these actions involve identical plaintiffs, arise out of the same motor vehicle accident that occurred on June 27, 2019, and assert common questions of law and fact." (*Id.* at 1).

Daniels' motion to consolidate shows that on or before August 20, 2021, Daniels knew or should have known he would have been a party to this action rather than Gates but for Pressler-Kemper's mistake concerning the proper party's identity. Notice to Daniels occurred within 90 days of the filing of the June 15, 2021 Complaint. Further, because Daniels knew of the negligence claim against him even before he filed the motion to consolidate, I conclude he will not be prejudiced by defending the claim on the merits. Therefore, the amendment substituting Daniels for Gates is permitted as an amendment relating back to the date of the original Complaint.

## V. CONCLUSION

For the foregoing reasons, Pressler-Kemper's motion to amend the Complaint is granted pursuant to Rule 15(c)(1)(C). (Doc. No. 11). By April 15, 2022, Plaintiff shall file the Amended Complaint substituting Carson Hunter Daniels for Defendant Carson P. Gates.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge